## DALTON ADDING MACHINE SALES CO. v. DENTON et al.

No. 15133—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 17, 1925.

Sales—Implied Warranty—Adding Machines.

In the absence of contract which negatives the same, there is an implied warranty in the sale of an adding machine that it is suitable to perform the ordinary work for which it was made.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Dalton Adding Machine Sales Company against Denton & Lamb. Judgment for defendants, and plaintiff appeals. Affirmed.

Slough & Gibson, for plaintiff in error.

Sigler & Jackson, for defendants in error.

Opinion by RAY, C. The Dalton Adding Machine Sales Company, by a written contract of sale, sold to Denton & Lamb a, Dalton adding machine for $160, $13.34 cash, balance to be paid in monthly payments of $13.34 each.

After the defendants had had the machine something like 30 days they wrote the company:

"This adding machine we have is not giving satisfaction and has never done so. I want you to take same up. We can't use this machine, it won't add right and it is always out of order some way. Please attend to this at once."

Four days later they again wrote them:

"We are today sending back this machine. We can't use same. Don't send us any more. We don't want it."

At the same time of writing this letter they shipped the adding machine by express to the company's agent at Oklahoma City. The company was never requested to repair the machine.

This suit was commenced to recover for the deferred payments. The defendants admitted that they entered into the written contract, but set up as a defense that there was a breach of warranty in that the machine failed to function as it was warranted by the contract of purchase. The verdict was for the defendants, upon which judgment was entered, and resulted in this appeal.

The first ground of complaint was an answer elicited by a question by a juror, and a remark of the court made in response to the plaintiff's objection.

"Juror: Did you ever make a demand on these people to repair that machine? A. No, sir. Q. You just shipped it back to them? A. The fellow told me that sold it, if it wasn't all right, to ship it back, and I did. Mr. Slough: Object, the contract is in writing—on the ground that it is parole testimony, it is incompetent to vary the terms of a written contract. Court: If the agent told him that, I think he ought to be allowed to tell it. Mr. Slough: Exception."

Neither court nor counsel were responsible for the question or the answer. The objection came after the answer had been made. No motion was made to strike. Motion to strike the answer was the proper method to raise the objection. The court was never asked to instruct the jury to disregard this testimony by requested instructions or otherwise.

The next contention is that the court erred in giving the following instruction:

"You are instructed, gentlemen of the jury, that in addition to the warranty expressed that it is guaranteed to be of first-class material, there is an implied warranty that the machine will function and perform the purpose for which it was contracted, and if you should find from the testimony in this case that the machine failed to faithfully perform the functions of adding correctly, for which purpose it was contracted, then there would be a breach of implied warranty of the contract and you should find for these defendants."

Apparently the objection to this instruction is to that part of it where the jury were told that "there is an implied warranty that the machine will function and perform the purpose for which it was contracted." The contention is that the warranty was in writing, and that there was no other warranty than that expressed in the written contract.

The evidence shows that the defendants were engaged in the mercantile business, and that they bought the machine for the purpose of adding their accounts; that the machine would not add correctly from the time they first received it; that it would total accounts less than they were. This evidence was uncontroverted. The evidence showed that the defendants had used adding machines before and since without trouble. This court has held in similar cases that in the sale of machinery there is an implied warranty that they are suitable to perform the ordinary work for which they are made. In Standard Machine Company v. New State Shirt and Overall Mfg. Co., 42 Okla. 554, 141 Pac. 1111. it was said in the syllabus:

"In the absence of contract which negatives the same, there is an implied warranty in the sale of sewing machines that they are suitable to perform the ordinary work for which they are made."

In Fairbanks, Morse & Co. v. Miller et al., 80 Okla. 265. 195 Pac. 1083, the rule was laid down in the syllabus as follows:

"An express warranty in a contract of sale usually excludes an implied warranty; but, in the sale of machinery under a written contract of sale, in addition to the express warranty contained in the written contract, there is an implied warranty that such machine or article shall correspond with the description contained in the written contract of sale, and that the same is suitable to perform the ordinary work for which the described article is made or manufactured; and such an implied warranty does not contradict nor conflict with the express warranty."

The rule recognized by this court is that in such case there is an implied warranty in the absence of a written contract which negatives such implied warranty. To sustain the contention that the written guarantee was to the exclusion of an implied warranty reliance is had upon the following express provisions of the contract and of the written warranty:

(1) "This order covers all agreements between the within signer and The Dalton Adding Machine Sales Company, either express or implied; * * *

(2) "The said Dalton Adding Machine equipment is to be covered by your written guaranty whereby you shall agree to make good any defects of material or workmanship for the period of one year from date of purchase.

(3) "We hereby guarantee Dalton Adding Machine Serial No. 83187 together with its Electric Motor Drive Unit Serial No. —— to be well made, of first-class material; and should any part thereof get out of repair, either from defective material or workmanship, while the machine remains in the hands of Denton & Lamb. Ardmore, Okla., the original purchaser, we agree to repair the same free of charge upon receipt within one year from date hereof of notice calling attention to such defect.

"This guaranty shall cover all repairs to said equipment of every nature that are incident to the customary or normal use of the same: but shall not include such repairs as may be made necessary by carelessness, misuse. accident. abuse. burned-out motor, fire or the elements."

It will be observed that the written guarantee is that should any part get out of repair, either from defective materials or workmanship, it will be repaired at any time within 12 months upon notice, and that the guarantee covers all repairs to the equipment of every nature that are incident to the customary or normal use of the machine.

It is difficult to say from the language whether the warranty is limited to defective materials and workmanship, or whether it includes a warranty that the machine was suitable by construction and design to perform the ordinary work for which the machine was made. But it is not necessary to decide that question, for the written instrument contains an express warranty that the machine was suitable to perform the ordinary work for which it was made, then the use of the term "implied warranty" instead of "express warranty" was harmless error. If not, then there was an implied warranty, and the instruction was properly given. In either event the machine was warranted to be suitable to perform the ordinary work for which it was made, and the instruction was properly given.

It necessarily follows that the court properly denied plaintiff's motion to direct the jury to find a verdict for the plaintiff unless they should find from the evidence that the plaintiff failed to put the machine in proper condition after reasonable notice if they should believe the machine was in fact out of order.

The judgment should be affirmed.

By the Court: It is so ordered.